UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

MELISSA GUERRA,

                      *Plaintiff,*

    -against-

THE STEELSTONE GROUP, LLC,
d/b/a GOURMIA,

                     *Defendant.*

---------------------------------------X

**<u>MEMORANDUM AND ORDER</u>**

22-CV-7191(KAM)(SJB)

**KIYO A. MATSUMOTO, United States District Judge:**

    Plaintiff Melissa Guerra commenced this action against Defendant The Steelstone Group, LLC, d/b/a Gourmia ("Gourmia" or "Defendant"), after allegedly suffering serious and substantial burns on or about December 9, 2019, while using a pressure cooker designed, manufactured, and distributed by Gourmia.  (*See generally* ECF No. 1, Complaint ("Compl.").)  Plaintiff raises claims of strict liability, negligence, negligent design defect, negligent failure to warn, breach of express warranty, breach of implied warranty of fitness for a particular purpose, and breach of implied warranty of merchantability.  (*Id.* ¶¶ 28-74.)

    Currently pending before this Court is Plaintiff's third motion for default judgment against Defendant.  (ECF Nos. 16, 19.) For the reasons set forth below, Plaintiff's third motion for default judgment is again **DENIED** without prejudice.

1

**BACKGROUND**

The following facts are taken from Plaintiffs' Complaint, Plaintiff's motion (ECF No. 19, Motion for Default Judgment ("Mot.")), and the attachments filed in support of Plaintiff's motion, (ECF Nos. 19-5 through 19-16). Given Defendant's default, the Court accepts as true all well-pleaded factual allegations in the Complaint, except as to damages. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).

## I.   **Factual Background**

Plaintiff is a resident and citizen of Texas. (Compl. at ¶7.) Gourmia is a New York limited liability corporation with its principal place of business in Brooklyn, New York. (*Id.* at ¶10.) Gourmia designs, manufactures, distributes, markets, and sells a variety of kitchen products, including the Gourmia Pressure Cooker Model No. 655 pressure cooker ("GPC-655 Pressure Cooker"). (*Id.* at ¶¶1, 14, 33(a).) Gourmia advertises that its pressure cookers allow for "completely safe cooking," (*id.* at ¶15), and that its pressure cookers "cannot be opened while in use," (*id.* at ¶2).

Plaintiff used her GPC-655 Pressure Cooker to prepare meals. (*Id.* at ¶20.) On or about December 9, 2019, "Plaintiff suffered . . . burn injuries as . . . [a] result of the Pressure Cooker's lid being able to be rotated and opened while the Pressure Cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing its scalding hot contents to be

forcefully ejected from the Pressure Cooker and onto Plaintiff." (*Id.* at ¶8.)  As a result, Plaintiff sought medical attention, and her medical records indicate that she "has burns and a few blisters on both legs."  (ECF No. 19-10, Exhibit E to Kress Affidavit, Plaintiff's Medical Records.)

Plaintiff alleges that the pressure cooker was "defectively and negligently designed and manufactured by [] Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers." (Compl. at ¶21.)  She further alleges that "[e]conomic, safer alternative designs were available that could have prevented [the GPC-655 Pressure Cooker's] lid from being rotated and opened while pressurized," but offers no specifics.  (*Id.* at ¶24.)

## II.  **Procedural History**

Plaintiff commenced this action on November 28, 2022.  (*See generally id.*)  Plaintiff proceeded to serve the Summons and Complaint on Defendant, but notably, the Summons was prepared and issued with the wrong address for Defendant, as discussed further *infra*.  (*See* ECF Nos. 1-3, 4 (both incorrectly listing Defendant's address as 1274 49th Street, Suite 455, Brooklyn, New York 11219)).

3

Notwithstanding this error, Defendant ultimately was properly served through delivery of the summons and complaint to an agent of Gourmia at 3611 14th Avenue, Suite 540, Brooklyn, New York 11218 on or about January 12, 2023. (ECF No. 5; *see also* Compl. at ¶10 (listing Gourmia's address as 3611 14th Avenue).)

Defendant subsequently failed to answer or otherwise respond to the Complaint, and Plaintiff requested a Certificate of Default. (ECF No. 8.) Plaintiff submitted an Affirmation of Service with that request indicating that a copy was served via process server upon Defendant, but as occurred earlier, the address provided for Defendant was incorrect. (*See id.* at 3 (listing address as 1274 49th Street, Suite 455, Brooklyn, New York 11219)).

Nonetheless, Defendant's default was entered on May 4, 2023. (ECF No. 9.) On June 28, 2023, Plaintiff moved for default judgment and an award in the amount of $95,000. (*See* ECF No. 10.) The Court denied the motion for default judgment on the same day for failure to comply with the procedural requirements of Local Rule 55.2 by, among other things, failing to include a certificate of service showing that the motion for default judgment and supporting materials were simultaneously mailed to Defendant at its correct address. (Docket Order dated June 28, 2023.) After initially failing to serve the Docket Order on Defendant as ordered by the Court, Plaintiff belatedly filed proof of service on July 18, 2023, stating that it had been served upon Registered Agents,

4

Inc., 7901 4th Street North, Suite 300, St. Petersburg, FL 33702.
(ECF No. 12.)  The proof of service asserted that "Registered
Agents, Inc." was the registered agent for Gourmia, but did not
offer any explanation or support for this assertion.  (*Id.*)

Plaintiff subsequently filed a second motion for default
judgment on July 26, 2023, which was again denied without prejudice
by the Court on October 26, 2023, for failure to comply with Local
Civil Rule 55.2(c).  (Docket Order dated October 26, 2023.)
Plaintiff filed a third motion for default judgment on November 6,
2023, which included proof of service, but no memorandum of law,
as required by Local Rule 7.1(a)(2).  (ECF No. 16.)  Rather than
denying the motion, the Court ordered Plaintiff to supplement the
motion with a memorandum of law addressing specific legal
questions, including choice of law, no later than January 5, 2024.
(Docket Order dated December 12, 2023.)  Plaintiff filed her
"amended" motion for default judgment on January 5, 2024, including
a memorandum of law as previously ordered by the Court.  (*See* Mot.)
As part of her motion, Plaintiff included a Certificate of Service,
which stated that Plaintiff served Defendant via U.S. Postal at
the following addresses: the incorrect address of "The Steelstone
Group, LLC 1274 49th Street, Ste 455 Brooklyn, NY 11219" and
"Registered Agents, Inc. Suite 300, 7901 4th Street North, St.
Petersburg, FL 33702," (ECF No. 20 at 7-8), but did not serve the
agent of Gourmia at 3611 14th Ave., Suite 540, Brooklyn NY 11218

5

address (where Plaintiff had serve the summons and complaint, (ECF No. 5). Plaintiff also provided a Certificate of Service showing that Defendant was served via process server at the "Registered Agents, Inc." address in St. Petersburg, FL. (ECF Nos. 21-22.)

## LEGAL STANDARD

### I.  Default Judgment

Pursuant to Rule 55, courts follow a two-step process to enter default judgment. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). First, when the defendant fails to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk of court enters the defendant's default. *See* Fed. R. Civ. P. 55(a). A court considers an entry of default against a party to be an admission of all the well-pleaded allegations in the complaint regarding liability. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). Second, if the defaulting party fails to appear or move to set aside the entry of default under Rule 55(c), the opposing party may move the court to enter a default judgment to establish liability and damages. *See* Fed. R. Civ. P. 55(b)(2). Before entering a default judgment, the court "must ensure that (1) jurisdictional requirements are satisfied; (2) the plaintiff took all the required procedural steps in moving for default judgment; and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter

of law." *Jian Hua Li v. Chang Lung Grp. Inc.*, No. 16-CV-6722 (PK), 2020 WL 1694356, at *4 (E.D.N.Y. Apr. 7, 2020) (citations omitted).

Although the court accepts as true all well-pleaded factual allegations in the complaint, the court must still ensure the allegations provide a basis for liability and the court has discretion to require further proof of necessary facts. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). If the unchallenged facts establish the defendant's liability, the court determines the amount of damages due. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999). The court may determine damages without an in-person hearing based on the plaintiff's affidavits so long as it can ensure a basis for the damages specified in the default judgment. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.,* 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

I. **Jurisdiction**

A. **Subject Matter Jurisdiction**

Title 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires that all of the adverse parties in a suit be

completely diverse with regard to citizenship." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (internal quotation marks and citation omitted).

Plaintiff is a citizen of Texas. (Compl. at ¶7.) Plaintiff alleges that Defendant Gourmia is a New York domestic limited liability corporation, that Defendant's sole member is Naphtali Biegeleisen, and that Mr. Biegeleisen is a citizen of New York. (Id. at ¶10.) Plaintiff alleges that she suffered damages which exceed $75,000. (Id. at ¶11.) Thus, there is diversity jurisdiction between Plaintiff and Defendant. *See Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("a limited liability company [] takes the citizenship of each of its members").

**B. Personal Jurisdiction**

The Court may not enter a default judgment unless it has both subject-matter jurisdiction over the action and personal jurisdiction over each defendant. *See Covington Indus., Inc. v. Resintex A.G.,* 629 F.2d 730, 732 (2d Cir. 1980) ("A judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity."); *see also BASF Corp. v. Original Fender Mender, Inc.*, No. 23-CV-2796 (HG)(JAM), 2023 WL 8853704, at *5 (E.D.N.Y. Dec. 22, 2023) ("A court may not enter default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that

he must have been effectively served with process.") (internal quotation marks and citation omitted).

Under Fed. R. Civ. P. 4(h)(1)(B), a corporation can be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  The Federal Rules also permit a plaintiff to serve a corporation according to the law of the state where the district court is located.  Fed. R. Civ. P. 4(h)(1)(A).  New York law allows for a corporation to be served by delivering the summons and complaint to "an officer, director, managing or general agent . . . or to any other agent authorized by appointment or by law to receive service."  N.Y. C.P.L.R. § 311(a)(1).  A corporation may also be served via its "registered agent" or the New York Secretary of State in Albany pursuant to section 306 of the New York Business Corporation Law.  *See* N.Y. Bus. Corp. Law § 306.

As mentioned previously, Gourmia is a New York limited liability corporation, according to both the Complaint, (Compl. ¶10), and the New York State Department of State's public website, *see* https://apps.dos.ny.gov/publicInquiry/ (last visited May 17, 2024).[1]  Despite the many failures of service in this case's

---

[1] "The Court can and does take judicial notice of information from the New York Secretary of State's website."  *See J & J Sports Prods., Inc. v. La Parranda Mexicana Bar & Restaurante Co.*, No. 17-CV-4171 (AMD)(SJB), 2018 WL 4378166, at *1 (E.D.N.Y. Apr. 9, 2018).

procedural history, Plaintiff properly served Defendant with the Summons and Complaint at its address on file with the Secretary of State, 3611 14th Avenue, Suite 540, Brooklyn, New York 11218. (ECF No. 5.)  Accordingly, the Court has personal jurisdiction over Defendant.

### C.  Venue

"A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  28 U.S.C. § 1391(b)(1).  A corporation is deemed to be a resident of "any district" in "a state which has more than one judicial district and in which . . . [that] corporation is subject to personal jurisdiction at the time an action is commenced."  *Id.* § 1391(d).  Venue is proper in this district because Gourmia's principal place of business is located within this district, and as such, it is a resident of this district.  Moreover, Defendant, a New York LLC, is also subject to personal jurisdiction in this district, as discussed *supra*.

## II.  Local Civil Rules 7.1 and 55.2

Before the court will enter a default judgment, the plaintiff must show that entry of default was appropriate.  *Sik Gaek, Inc. v. Yogi's II, Inc.*, 682 F. App'x 52, 54 (2d Cir. 2017) (summary order).  Local Civil Rules 7.1 and 55.2 impose the additional requirements that the plaintiff attach certain materials to the

10

motion and file proof that all motion papers were mailed to the defendant.

Under Local Civil Rule 7.1, a motion for default judgment must consist of a notice of motion, a memorandum of law, and supporting affidavits and exhibits containing any factual information and portions of the record necessary for the decision of the motion. Loc. Civ. R. 7.1(a). Under Local Civil Rule 55.2, a "party seeking a judgment by default . . . shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment," and must mail these three items to the "last known business address" of the defaulting party (if not an individual). Loc. Civ. R. 55.2(b)-(c).

Here, the Court finds that Plaintiff has complied with Local Civil Rules 7.1 and 55.2(b). Plaintiff's motion includes a notice of motion, (ECF No. 19), a memorandum of law, (ECF No. 19-4), and an affidavit, (ECF No. 19-5), in accordance with Local Civil Rule 7.1. Plaintiff also attaches the Complaint, (ECF No. 19-2), the certificate of default, (ECF No. 19-1), and a proposed form of default judgment, (ECF No. 19-3) to her motion in accordance with Local Civil Rule 55.2(b).

Notwithstanding Plaintiff's compliance with the aforementioned rules, Plaintiff has failed to serve the Defendant and thus has not complied with Local Civil Rule 55.2(c). Local

11

Civil Rule 55.2(c) states, "[u]nless otherwise ordered by the Court, all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b) [] shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual). Proof of such mailing shall be filed with the Court. If the mailing is returned, a supplemental affidavit shall be filed with the Court setting forth that fact, together with the reason provided for return, if any."

Plaintiff did not serve Defendant at its last known business address. As part of her motion, Plaintiff included a Certificate of Service, which stated that Plaintiff served Defendant via U.S. Postal at the following addresses: "The Steelstone Group, LLC 1274 49th Street, Ste 455 Brooklyn, NY 11219" and "Registered Agents, Inc. Suite 300, 7901 4th Street North, St. Petersburg, FL 33702." (ECF No. 20 at 7-8.) Plaintiff also provided a Certificate of Service showing that Defendant was served via process server at the "Registered Agents, Inc." address in St. Petersburg, FL. (ECF Nos. 21-22.) Plaintiff states that "Registered Agents, Inc." is the registered agent for Defendant. (*Id.*) But there is no indication otherwise that "Registered Agents, Inc." is *actually*

the registered agent of Defendant.[2]  *See Colledge v. Steelstone Grp., LLC*, No. 22-CV-2873 (EK)(JAM), 2024 WL 2149930, at *6 (E.D.N.Y. May 14, 2024) (discussing identical service issues by Plaintiff's counsel regarding Gourmia, and the lack of any factual basis for Registered Agents, Inc., serving as Gourmia's agent.) Moreover, Plaintiff's counsel has been repeatedly warned in another pending litigation against the same Defendant that the "1274 49th Street, Ste 455 Brooklyn, NY 11219" address is not the correct address for Defendant.  *See Colledge v. Steelstone Grp.*, LLC, No. 22-CV-2873 (EK)(RER), 2023 WL 5152300, at *4 (E.D.N.Y. June 16, 2023), *report and recommendation adopted,* 2023 WL 5759191 (E.D.N.Y. Sept. 5, 2023) ("Plaintiff's repeated use of the wrong business address to attempt service of pleadings and subsequent filings on Defendant is [] troubling, not to mention unfair and inefficient.").

According to the New York Secretary of State, the proper business address for Defendant is "3611 14th Avenue, Suite 540, Brooklyn, [NY] 11218." *See* https://apps.dos.ny.gov/publicInquiry/

---

[2] Based on a review of public records from the Florida Department of State's Corporation Search, the 7901 4th Street address in St. Petersburg, Florida corresponds with the "Steelstone Group, LLC" – a *Florida* LLC.  *See* https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResults/EntityName/ Steelstone%20Group/Page1?searchNameOrder=STEELSTONEGROUP (last visited May 22, 2024).  Plaintiff or her process server may possibly have confused the Florida LLC "Steelstone Group, LLC" with Defendant, a New York LLC named "*The* Steelstone Group LLC."  Notably, Defendant's entity information on the New York Secretary of State's public website does not list a Registered Agent.  *See* https://apps.dos.ny.gov/publicInquiry/EntityDisplay (last visited May 22, 2024).

(last visited May 17, 2024). Importantly, Plaintiff *also* identifies "3611 14th Avenue, Suite 540, Brooklyn, New York 11218" as Defendant's principal place of business in the Complaint. (Compl. at ¶10.) Furthermore, the Court notes that in a separate pending litigation against Gourmia where the Defendant *has* appeared, Gourmia was served at the 14th Avenue address. *See Hiscox Insurance Company Inc. v. The Steelstone Group LLC,* No. 24-CV-1420 (RML), ECF No. 10.

Plaintiff has been warned, numerous times, by various judges, about issues of insufficient service, as discussed *supra*. Nonetheless, Plaintiff failed to serve Defendant with the pending motion for default judgment at its address on file with the Secretary of State and included in the Complaint. Due to Plaintiff's failure to properly serve the Motion for Default Judgment on Defendant, the motion is denied, without prejudice, for failure to comply with Local Civil Rule 55.2(c).

### III. Liability and Damages

In light of the deficiencies outlined above, the Court need not evaluate the potential liability or the potential damages here, particularly as it remains unclear as to whether Defendant even received notice of the pending motion. The Court does note, however, that Plaintiff's complaint suffers from similar defects identified by then-Magistrate Judge Reyes in *Colledge v. Steelstone Grp., LLC*, No. 22-CV-2873 (EK)(RER), 2023 WL 5152300,

14

at *5 (E.D.N.Y. June 16, 2023), which would likely "require more inferences to find liability than the Court will make."

Plaintiff argues in her memorandum of law that "[d]espite simply turning the lid of the pressure cooker, the top of the cooker popped off and its contents erupted without warning" but the Complaint alleges no such facts. (ECF 19-4, Plaintiff's Memorandum of Law ("Pl. Mem."), at 8-9.) The Complaint, instead, states only that Plaintiff "was *able to remove* the lid while the pressure cooker retained pressure" and that her injuries were sustained as a result of "the Pressure Cooker's lid being *able to be rotated and opened* while the Pressure Cooker was still under pressure." (Compl. at ¶¶3, 8 (emphasis added).) As also noted by Plaintiff in her memorandum of law, the GPC-655 Pressure Cooker's owner's manual states that "[f]or the duration of time the unit is cooking with pressure, and until the pressure is released, the Float Valve will be raised and the lid is locked." (ECF 19-6, Exhibit A to Kress Affidavit ("Ex. A"), at 11.) The manual continues, stating (in all capital letters) "NEVER ATTEMPT TO OPEN THE LID FOR THE DURATION OF THE PRESSURE COOKING TIME." (*Id.*) Plaintiff's complaint does not state whether the Float Valve was raised, or whether Plaintiff attempted to open the lid during the pressure cooking time. The GPC-655 Owner's Manual further cautions users not to "attempt to force [the lid] open." (*Id.* at 14.) In its current form, the Complaint does not plead sufficient facts

15

for the Court to conclude that, as designed, the GPC-655 Pressure Cooker was "unreasonably dangerous."

### A.   Strict Liability

"In Texas, a plaintiff can predicate a products liability action on one or more of at least three theories of recovery: (1) strict liability under [Restatement (Second) of Torts] § 402A, (2) breach of warranty under the U.C.C., and (3) negligence." *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 423 (Tex. 1984). "Under Texas law, a products liability claim based on an alleged design defect requires proof that '(1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery.'" *Williams v. Hyster-Yale Grp.*, No. 4:21-CV-1442, 2024 WL 1144889, at *4 (S.D. Tex. Feb. 9, 2024), *report and recommendation adopted*, 2024 WL 1144267 (S.D. Tex. Mar. 13, 2024) (quoting *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009)). "[A plaintiff's] strict products liability claim requires [him or her] to show that the [product's] defective design 'was a producing cause of [his or her injury].'" *Id.* at *10 (quoting *Timpte Indus.,* 286 S.W.3d at 311). Furthermore, "the statute requires that implementation of [a] safer alternative design 'would have prevented or significantly reduced the risk of the claimant's personal injury.'" *Id.* (quoting Tex. Civ. Prac. & Rem. Code § 82.005(b)).

16

As in *Colledge v. Steelstone Grp., LLC*, No. 22-CV-2873 (EK)(RER), 2023 WL 5152300 (E.D.N.Y. June 16, 2023), Plaintiff's complaint "does not allege any specific manufacturing or design defect, instead appearing to argue simply that because Plaintiff was able to open the lid while the unit was pressurized, there must have been a manufacturing or design defect." *Id.* at *5. Plaintiff's pleading further fails to offer any facts to "to support the conclusory assertions about the existence of a safer and economically feasible alternative." *Id.*

**B. Negligence**

Because Plaintiff has failed to properly plead that the GPC-655 Pressure Cooker was defective under Texas law, Plaintiff's negligence claim would likewise fail. "To prove a products liability claim premised upon a theory of negligence, a plaintiff must demonstrate: (1) that the manufacturer owed a duty to the plaintiff; (2) that the manufacturer breached that duty; (3) that the plaintiff was injured: and (4) that the manufacturer's breach of the duty was the proximate cause of the plaintiff's injury or damages." *McLennan v. Am. Eurocopter Corp.*, 245 F.3d 403, 431 (5th Cir. 2001). Without sufficient facts to show that the GPC-655 Pressure Cooker was *actually* defective, Plaintiff has failed to plead a breach of Gourmia's duty to Plaintiff, and her negligence claim would fail.

17

**C.   Failure to Warn**

Plaintiff's memorandum of law fails to even address the failure to warn claim, beyond lumping it in with the other negligence claims.  (Pl. Mem. at 9.)  Nonetheless, the Court notes that the GPC-655 Pressure Cooker's user manual includes numerous warnings about opening the lid while pressurized, and Plaintiff fails to specify how these warnings were inadequate.  "Under Texas law, a failure-to-warn products-liability claim involves the following two elements: (1) the warning was defective, and (2) the failure to warn was a producing cause of the plaintiff's condition or injury." *Baksic v. Ethicon Inc.*, 659 F. Supp. 3d 763, 769 (W.D. Tex. 2023) (internal quotation marks and citation omitted).  Plaintiff's complaint fails to offer facts supporting a conclusion that the warning in the manual was inadequate, let alone a producing cause of Plaintiff's injuries.

**D.   Breach of Warranty**

Finally, the Court notes that Plaintiff's caselaw cited in support of the breach of warranty claims appears to instead argue that her claims should be "dispose[d] of" because she "fail[ed] to produce evidence on causation."  (Pl. Mem. at 10 (citing *Wile v. Abbott*, 459 F. Supp. 3d 803, 807 (N.D. Tex. 2020).)  The Court is concerned by the slapdash manner in which Plaintiff's counsel attempted to support her motion.  As expressly noted in this Court's Order dated December 12, 2023, "Texas law also requires a

18

plaintiff to notify the warrantor of alleged express and implied warranty breaches before suing." *Gordon v. Sig Sauer, Inc.*, No. CV H-19-585, 2019 WL 4572799, at *12 (S.D. Tex. Sept. 20, 2019) (citing *Ketter v. ESC Med. Sys., Inc.*, 169 S.W.3d 791, 796 (Tex. App. 2005)). Plaintiff's complaint includes no allegations that Defendant, the warrantor, was notified by Plaintiff of the breach and Plaintiff's intent to claim a breach of warranty prior to filing suit, as required under Texas Law. As such, Plaintiff's breach of warranty claims are inadequately pleaded, and cannot support a finding of liability.

### E.    Amendment of the Complaint

In conclusion, even if Plaintiff's motion for default judgment had been properly served on Defendant, the motion would also fail due to the lack of facts supporting a finding of liability in the Complaint. As such, the Court directs Plaintiff to amend the Complaint, which she may still do as of right pursuant to Fed. R. Civ. P. 15(a), to correct the factual shortcomings identified above. By no means should the Court's brief examination above be considered an exhaustive list of the Complaint's many shortcomings. Plaintiff's counsel is directed to exercise more care in the amending of the complaint than was expended in the drafting of the Memorandum of Law, which was disappointingly insufficient. No further motion for default judgment will be considered prior to Plaintiff's amendment of the Complaint.

19

Moreover, the Court is not likely to grant Plaintiff leave to file a second amended complaint if her amended complaint again fails to state a claim.

As noted previously in the Procedural History section of this order, *supra,* in the instant action, Plaintiff has an extensive history of failing to comply with court orders and the Local Rules. Plaintiff's counsel was previously admonished: "[t]his is not the first time that Plaintiff's counsel has failed to comply with the Local Civil Rules, and counsel is advised to read and comply with those rules." (Docket Order dated October 26, 2023.) Nonetheless, weeks after the October 26, 2023, Order, Plaintiff submitted another defective motion yet again, on November 6, 2023, which failed to include a Memorandum of Law, as required by Local Rule 7.1(a)(2). Plaintiff was Ordered to Show Cause and warned that failure to respond "may be grounds for the Court to dismiss the action under Fed. R. Civ. P. 41(b) for failure to prosecute and/or follow local civil rules and court orders."

Plaintiff shall amend her complaint no later than **June 5, 2024,** and properly serve it on Defendant within the period specified by Fed. R. Civ. P. 4. Failure to comply with this Order shall be grounds for the Court to dismiss this action in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and/or follow local civil rules and court orders. Plaintiff is further cautioned that a motion to

voluntarily dismiss the action without prejudice is unlikely to be granted, given Plaintiff has already "sought and obtained the Court's careful consideration of the merits of its Complaint and default judgment motion." *Joe Hand Promotions, Inc. v. Manetta*, No. 22-CV-1114 (AMD)(TAM), 2023 WL 4677069, at *2 (E.D.N.Y. July 21, 2023).

## CONCLUSION

For the reasons stated above, the Court respectfully **DENIES** Plaintiff's motion for default judgment without prejudice. Plaintiff shall file no further motions for default judgment prior to amending the Complaint to provide sufficient factual detail to support a finding of liability. Plaintiff's amended complaint shall be filed no later than June 5, 2024. Failure to comply with this Order shall be grounds for the Court to dismiss this action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and/or follow local civil rules and court orders.

Plaintiff is ordered to serve a copy of this Memorandum and Order on Defendant at its correct address and file a declaration of service by May 24, 2024.

**SO ORDERED**

Dated:     May 22, 2024
           Brooklyn, New York

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

21